UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

Present: The Honorable **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:      Attorneys Present for Defendants:

Not Present      Not Present

**Proceedings:**    (IN CHAMBERS)

## ORDER RE PLAINTIFF'S MOTION FOR REMAND [35]

### I. INTRODUCTION

Pending before the Court is Plaintiff Richard Roberts's ("Plaintiff") Motion to Remand. (Dkt. No. 35 ("Motion" or "Mot.").) After considering the papers filed in support of the instant Motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

### II. BACKGROUND

#### A. Factual Background[1]

This Action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). Plaintiff Richard Roberts (hereinafter, "Roberts") is a resident of Sacramento County, California. (Dkt. No. 11 ("FAC") ¶ 2.) Defendant Anthem Life Insurance Company (hereinafter, "Anthem" or "Defendant") is a corporation organized under Ohio law, with its principal place of business in Ohio. (Dkt. No. 19 ("Answer") ¶ 3.) Plaintiff began working as a software engineer at Vindicia, Inc. (hereinafter, "Vindicia") on October 20, 2014. (*See* FAC; Mot. at 2.) Through his employment with Vindicia, Roberts participated in the Vindicia Long Term Disability &

---

[1] This Factual Background should not be read as the Court's factual findings; it merely serves as context for the following discussion, which is limited to the narrow question of whether the Court should remand the present case for further administrative adjudication.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

Life Insurance Plan (hereinafter, the "Plan"). (FAC ¶ 6.) The Plan is a long-term disability plan sponsored by Vindicia and governed by ERISA. (FAC ¶ 3.) The Plan provides for payment of monthly long-term disability benefits after a 90-day elimination period. (Dkt. No. 41, Administrative Record (hereinafter, "AR") at 151–57.) Anthem is the insurer and claims administrator for the Plan. (FAC ¶¶ 3, 6.)

On December 6, 2014, a car hit Mr. Roberts while he was riding his bicycle. (AR at 492.) As a result, Roberts sustained a concussion and began experiencing frequent headaches, dizziness, and confusion. (AR at 492.) Roberts returned to work a few days later. (Mot. at 5.) On March 27, 2015, Roberts was involved in a physical altercation at a concert and sustained additional, severe brain injuries, including a second concussion. (Mot. at 4.) Then, in early May 2015, he fell to the ground from a possible seizure. (Mot. at 5.) On May 12, 2015, Roberts ceased working at Vindicia. (Mot. at 6.)

B.  **Administrative History**

On June 5, 2015, Roberts submitted his claim for benefits under the Plan (the "Claim"). (AR at 182–84.) Anthem received the Claim on July 13, 2015. (AR at 182–84.) Roberts indicated experiencing the following symptoms: migraines, confusion, memory issues, balance, emesis, and dry heaving. (AR at 588.) Roberts's Claim also reflects that his disability prevented him from working beginning on April 15, 2015. (AR at 183.) On October 13, 2015, Dr. Gary Greenhood, a physician consultant for Anthem, reviewed Roberts's records. (Opp'n at 4.) Dr. Greenhood concluded that Roberts's disability prevented Roberts from working for the period May 12 – July 23, 2015. (Opp'n at 4; AR at 822.). Dr. Greenhood stated the "submitted information support[s] impairment sufficiently severe to have precluded the claimant from work in his own occupation . . . ." (AR at 822.) Dr. Greenhood also noted that updated clinical information was necessary for further evaluation of Roberts's claim for the period after July 23, 2015. (Opp'n at 4–5.) Under the Plan, Roberts's ninety-day elimination period ended after August 11, 2015. (Opp'n at 5.)

On October 21, 2015, Anthem denied Roberts's Claim (the "Denial"). (AR at 605–08.) In its Denial, Anthem indicated that it had not received records for Roberts's medical care after June 24, 2015. (AR at 607.) Anthem also provided information for appealing its Denial. (*See* AR at 608.) On November 9, 2015, Roberts appealed the

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

Denial. (AR at 625–27.) Plaintiff included the following supporting documentation with his appeal: (1) a work release from Peninsula Medical Center for May 13–15, 2015; (2) a work release from Dr. Naik for May 18–30, 2015; (3) an extended work release from Dr. Naik for May 25 to June 15, 2015; (4) a confirmation of Roberts's State Disability Insurance claim with a return to work date of November 1, 2015; and, (5) progress notes from Dr. Aimee Paulson dated June 26, 2015 and August 7, 2015. (AR at 625–35.) In December 2015, Anthem requested additional medical records from Roberts's treating physicians, Dr. Mitchell and Dr. Naik. (Opp'n at 5.) Anthem received medical records from Dr. Mitchell for Plaintiff's evaluations on August 24, October 14, and November 30, 2015. (Opp'n at 5.) Anthem also received medical records for Plaintiff's visits with Dr. Paulson on October 19, 2015. (Opp'n at 5.) On December 17, 2015, Anthem advised Roberts of the status of his appeal. (AR at 659.)

On January 6, 2016, Anthem consultant Dr. Bruce LeForce reviewed Roberts's records. (*See* AR at 673.) Dr. LeForce reviewed the following records for periods after July 23, 2015: (1) correspondence from Roberts dated October 29, 2015; (2) a chart of progress notes dated August 6, 2015; (3) correspondence from Dr. Mitchell dated August 24, October 14, and November 30, 2015; (4) progress notes from Dr. Paulson dated August 7 and October 19, 2015; (5) an occupational description from Vindicia; and, (6) a referral form from Anthem. (AR at 673.) Dr. LeForce also considered Dr. Greenhood's October 13, 2015 determination that Roberts was disabled through July 23, 2015. (AR at 673.) Based upon the foregoing materials, Dr. LeForce concluded that "[t]here [were] no findings on examination or imaging studies to support restrictions or limitations that would impede [Roberts] from performing his occupation during the time period under review from 07/14/2015 to present." (AR at 672.) In light of Dr. LeForce's review, Anthem denied Roberts's appeal on January 7, 2016. (AR at 682–86.) Anthem indicated that a lack of objective findings of cognitive complaints supported its determination. (AR at 684.) Anthem further pointed to a lack of neurocognitive testing. (AR at 685.)

C.  **Civil Proceedings**

Plaintiff filed his original Complaint in the Central District of California on March 28, 2016, seeking review of Anthem's adverse claim determination. (*See* Dkt. No. 1.) Plaintiff filed the operative First Amended Complaint on May 5, 2016. (*See* FAC.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

Plaintiff alleges that Defendant violated its obligations under ERISA as follows: (1) failure to pay disability benefits to Plaintiff when Plaintiff was entitled to benefits; (2) failure to provide a reasonable basis under the terms of the Plan for denial of benefits; (3) failure to specify to Plaintiff what additional material was required "to perfect the claim"; (4) failure to provide a "full and fair review" of Plaintiff's appeal pursuant to 29 C.F.R. § 2560.503-1(h)(2); (5) failure to notify Plaintiff of the need to submit objective neurocognitive testing; and, (6) failure to continue the waiver of life insurance premiums based on Plaintiff's disability. (*See* FAC at 4.)

Based upon these alleged violations, Plaintiff seeks: (1) payment of disability benefits due to Plaintiff up to and including the date of Judgment; (2) waiver of Plaintiff's life insurance premiums; (3) a declaratory judgment that Plaintiff is entitled to reinstatement of the Plan; (4) payment of all costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g); and, (5) payment of prejudgment and post-judgment interest. (FAC at 5.) On May 2, 2017, Plaintiff moved to remand the matter to the plan administrator for further development of the factual record. (*See* Mot. at 1.) On May 16, 2017, Defendant opposed Plaintiff's Motion. (*See* Opp'n.) On May 22, 2017, Plaintiff replied in support of his Motion. (*See* Dkt. No. 40 ("Reply").)

## III. LEGAL STANDARD

### A. Standard of Review

ERISA provides that a qualifying ERISA plan "participant" may bring a civil action in federal court "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B); *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008) (ERISA "permits a person denied benefits under an employee benefit plan to challenge that denial in federal court."). The Supreme Court established a *de novo* standard of review for denial of benefits under an ERISA plan, except for plans that give the administrator discretion to determine benefits eligibility. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

### B. Remand

Remand in ERISA disputes is "appropriate in a variety of circumstances"—particularly if an "administrator's decision suffers from a procedural defect or the administrative record is factually incomplete." *Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 373 (6th Cir. 2009). In particular, the Ninth Circuit has explained that remand to the plan administrator may be appropriate for denial of full and fair review to assess the affect and failure of the administrator to provide a denial of full and fair review. *See Hoffman v. Screen Actors Guild-Producers Pension Plan*, 571 F App'x. 588, 590 (9th Cir. 2014); *Chuck v. Hewlett Packard Co.*, 455 F.3d 1026 (9th Cir. 2006) (holding that the usual remedy for a violation of § 1133 is "to remand to the plan administrator so the claimant gets the benefit of a full and fair review."); *Carter v. Hewlett Packard Co.*, 302 F. App'x. 752 (N.D. Cal. 2008) (remanding ERISA case to plan administrator for a new disability determination after it corrects its procedural and substantive errors).

Remand is not mandatory, however. The Ninth Circuit has instructed that a trial court has the authority to consider new evidence itself—i.e., not to remand. *See Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 872 n.2 (9th Cir. 2008) (rejecting defendant's argument that the district court is forbidden from hearing additional evidence); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 973 (9th Cir. 2006) ("[I]f the administrator did not provide a full and fair hearing . . . the court must . . . permit the participant to present additional evidence."). Moreover, remanding for reevaluation by the ERISA administrator is not appropriate where no factual determinations remain to be made. *Canseco v. Constr. Laborers Pension Trust*, 93 F.3d 600 (9th Cir. 1996). Remand is also not appropriate when the administrator applied the right standard in denying benefits. *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163 (9th Cir. 2001).

### IV. DISCUSSION

"Numerous courts have held that, where a plan participant is in fact denied a full and fair review because of procedural violations, the court may remand the matter to the plan administrator . . . . The Ninth Circuit's approach is generally in accord." *Fortlage v. Heller Ehrman LLP*, 2009 U.S. Dist. LEXIS 127146, at *101 (citing *Chuck*, 455 F.3d

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

at 1026). In *Chuck*, the Ninth Circuit held that "the usual remedy for a violation of § 1133 is 'to remand to the plan administrator so the claimant gets the benefit of a full and fair review.'" *Chuck*, 455 F.3d at 1035. But the Ninth Circuit has also indicated that a trial court has the authority to consider the new evidence itself—i.e., not to remand. *See Saffon*, 522 F.3d at 872 n.2 (rejecting defendant's argument that the district court is forbidden from hearing additional evidence)."

In principal, Plaintiff claims he did not receive a full and fair review because Anthem: (1) failed to make reasonable efforts to acquire Dr. Greenhood's outstanding records prior to denying Plaintiff's claim; (2) wholly failed to note the existence of Dr. Greenhood's supportive opinion in its denial; (3) "cherry-picked" only that evidence which supported a denial of Plaintiff's claim; (4) raised a new issue, lack of neuropsychological testing, in its denial of Plaintiff's appeal, without first giving Plaintiff the opportunity to redress the deficiency; and, (5) failed to request an independent medical examination ("IME"), thereby "call[ing] into question the credibility of the insurer's decision and the thoroughness of its claim handling." (Mot. at 21–22.) Plaintiff also claims that public policy dictates that he be given an opportunity to address Anthem's concerns. (*See* Mot. at 23.) On these grounds, Plaintiff urges the Court to remand his claim for further administrative adjudication. (*See* Mot. at 1.)

Defendant responds that, "Plaintiff's motion makes it clear that there are factual disputes regarding Plaintiff's disability claim, [but] he has failed to identify what factual determinations remain to be made by Anthem that cannot be made by the Court."[2] (Opp'n at 7.) Defendant explains that "the only 'new' evidence proffered by Plaintiff are records of recent treatment received by Plaintiff in 2016" which "ha[s] no bearing on Anthem's administrative review of Plaintiff's 2015 disability claim or to the development of the Administrative Record and are thus irrelevant." (Opp'n at 7 (citing *Williston v. Norwood Promotional Prods., Inc.*, 2005 WL 1877136).) For the following reasons, the

---

[2] "[I]t would be manifestly unjust for this Court to find for Unum based on Mr. Bunger's failure to meet his burden of proof, *when it is entirely possible that the only reason Mr. Bunger has not met his burden of proof is that Unum has failed to ask Mr. Bunger for the additional testing it considers so critical*. *Bunger v. Unum Life Ins. Co. of Am.*, 196 F. Supp. 3d 1175, 1188 (W.D. Wash. 2016)(emphasis in original).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

Court finds that remand is appropriate for limited, additional factual development of neurocognitive data of Plaintiff's condition.

### A. Dr. Greenhood's Opinion

The medical opinion central to Plaintiff's instant request for remand is Dr. Greenhood's conclusion that:

> In view of the head trauma with daily headaches and the suggestion of impaired cognition, submitted information support impairment sufficiently severe to have precluded the claimant from work in his own occupation *from the date of disability to 7/23/15. Continued updates from the claimant and his medical providers will be necessary for the further adjudication of this claim.*

(AR at 822 (emphasis added).) Plaintiff explains that Dr. Greenhood's October 13, 2015 opinion that Plaintiff's symptoms supported his claim of disability from "the date of disability to 7/23/15" was only limited to that date because:

> the medical evidence provided to Dr. Greenhood did not cover the entire elimination period, let alone up to the time of his review. The clear implication in Dr. Greenhood's report was that, so long as the updated medical records continued to show post-concussion symptoms were present, then the claim should be approved.

(Mot. at 7.)

Anthem interprets Dr. Greenhood's opinion to indicate that "Plaintiff was unable to perform his own occupation from May 12, 2015 through July 23, 2015, before the end of the 90-day elimination period." (Opp'n at 4.) Defendant argues that "Plaintiff's contention that Dr. Greenhood's report supports his disability claim [is] just plain wrong . . . . Dr. Greenhood's report does not support Plaintiff's claim for disability benefits at all." (Opp'n at 13.) According to Defendant, Dr. Greenhood's report "demonstrates that Plaintiff was not disabled beyond the elimination period and therefore, was not eligible for disability benefits . . . ." (*Id.*) Anthem contends it satisfied its

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

obligation to request the information necessary to evaluate Plaintiff's claim because Anthem allegedly "previously informed Plaintiff on August 19, [September] 25, and October 7, 2015 that updated clinical information was needed to fully evaluate his claim." (Opp'n at 4–5 (citing AR at 476, 477, 551, 563).)

The Court finds that Dr. Greenhood's opinion is clear in its instruction that additional updates from Plaintiff and his medical providers would be necessary for further adjudication of Plaintiff's claim. In light of Dr. Greenhood's opinion, as well as ERISA requirements of administrators, the Court next considers whether Defendant fulfilled its obligations to Plaintiff with respect to the missing documentation.

### B. Failure to Acquire Updated Records Prior to Initial Denial

"[ERISA] does not require plan administrators to seek out evidence when making a benefit decision." *LaMarco v. CIGNA Corp.*, 2000 U.S. Dist. LEXIS 14341, at *40 (N.D. Cal. 2000); *see also Kearney*, 175 F.3d at 1091 ("if claimant believed particular medical data should have been reviewed by the plan administrator, 'he should have sent it to them.'"). Although claimants bear the burden to submit "the pertinent documents and information necessary to facilitate a disability determination, regulations promulgated by the Secretary of Labor authorize, if not require, plan administrators working with an apparently deficient administrative record to inform claimants of the deficiency and to provide them with an opportunity to resolve the problem by furnishing the missing information." *Montour v. Hartford Life & Acc. Ins. Co.*, 588 F.3d 623, 636 (9th Cir. 2009) (citing 29 C.F.R. § 2560.503–1(f)(3)–(4), (g)(1)(iii); *Saffon,* 522 F.3d at 870). The Ninth Circuit has also construed this regulation to require a plan administrator denying benefits in the first instance to notify the claimant not just of the opportunity for internal agency review of that decision but also of what additional information would be necessary "to perfect the claim [.]" *Chuck,* 455 F.3d at 1032; *see also Bunger*, 196 F. Supp. 3d at 1187 ("It is true that Unum repeatedly asked Dr. Taggart for her records regarding testing and referrals, *but there is no evidence that Unum told Mr. Bunger or Dr. Taggart that Mr. Bunger's claim would be denied without referrals to other doctors or additional testing*." (emphasis added)); *Booton v. Lockheed Med. Ben. Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997) ("[I]f the plan administrators believe that more information is necessary to make a reasoned decision, they must ask for it.").

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

According to Plaintiff, Anthem denied his Claim on October 21, 2015, about a week after Dr. Greenhood's evaluation. (Mot. at 8.) Plaintiff argues that "[n]otably absent from the [denial] letter was *any reference whatsoever* to Dr. Greenhood's report." (Mot. at 8 (emphasis in original).) And Plaintiff maintains that a "fair-minded fiduciary" would have requested the medical evidence, instead of merely acknowledging the existence of other evidence and denying the claim.[3] (Mot. at 8.) Based upon Dr. Greenhood's opinion that "[c]ontinued updates from the claimant and his medical providers will be necessary for the further adjudication of this [C]laim[,]" Plaintiff contends that "[i]n order to provide a full and fair review, the next step was for Anthem to acquire the updated records and provide them to Dr. Greenhood to confirm that the symptoms are still present, or perhaps had even subsided." (Mot. at 7.)

Defendant responds that Plaintiff "misstates the relative obligations of the parties relating to the completion of a deficient administrative record." (Opp'n at 8.) Relying on *Montour*, 588 F.3d at 636, Defendant argues that "where there are gaps in the administrative record, the administrator's obligation is merely to alert the claimant to any missing information and to provide the claimant with an opportunity to rectify the problem[.]" (Opp'n at 8.) Anthem claims that it "went to great lengths to repeatedly request and attempt to obtain medical records from Plaintiff's treating doctors, and

---

[3] A district court in this Circuit found that a claims administrator had conducted a full and fair review when the administrator,

> (1) informed [claimant] of its intention to investigate whether her claim was barred by the mental/nervous twenty-four month limit and invited her to submit documentation supporting her claim, (2) contacted [claimant]'s doctors on several different occasions to discuss her condition and the nature of her disability, (3) mailed letters to her doctors informing them that Hartford would be contacting them regarding McCutcheon's claim and her medical condition, (4) reviewed her voluminous medical records from several doctors that included numerous lab and diagnostic test results, (5) invited [claimant] to submit all documents supporting her claim after it initially notified McCutcheon that it was terminating her benefits, and (6) explained to [claimant] on several different occasions, the basis for its decision to deny her claim and related appeal and informed her of available avenues to dispute its decision.

*McCutcheon v. Hartford Life & Accident Ins. Co.*, 2009 U.S. Dist. LEXIS 61998, at *19 (C.D. Cal. 2009).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

informed Plaintiff on multiple occasions" of necessary information missing from his file. (Opp'n at 9.) Anthem also argues that because "Dr. Greenhood's report demonstrates Plaintiff was not disabled beyond the elimination period[,]" Anthem's failure to reference Dr. Greenhood's report is "of no consequence." (Opp'n at 13.)

As noted above, Greenhood's October 2015 report indicates that additional medical documentation was required to further adjudicate Plaintiff's claim. (AR at 822.) Moreover, the Denial reflects Anthem's awareness that, "[i]n recent emails [Plaintiff had] alluded to medical care examinations subsequent to [his] June 24, 2015 examination with Dr. Mitchell; however, those examination notes/medical records [had] not been made available for [Anthem's] review." (AR at 607.) Plaintiff is correct that Defendant fails to demonstrate any requests for additional information pertinent to Dr. Greenhood's favorable report *after* October 13, 2015.

However, Anthem shows that previously, on August 19, September 25 and October 7, 2015, it requested information and medical evidence from Plaintiff for the same time period Dr. Greenhood references. (*See* Opp'n at 4–5 (citing AR at 476, 477, 551, 563).) Whether Defendant requested the updated medical records for the June 2015 to August 2015 time-span before rather than after Dr. Greenhood's review is of no moment; the fact remains that Defendant repeatedly alerted Plaintiff that updated documentation of his medical visits was required for his Claim review. In light of Defendant's repeated requests for medical records preceding the initial Denial of Plaintiff's claim, the Court finds that Defendant met the obligations imposed upon administrators under binding Ninth Circuit precedent.

Moreover, Defendant explains that its handling of Plaintiff's appeal included obtaining "additional medical records from Dr. Mitchell, documenting follow-up visits on August 24, 2015, October 1, 2015 and November 30, 2015[,]" (Opp'n at 5 (citing AR at 640, 648–53)), as well as "medical records from Dr. Naik, documenting an October 19, 2015 office visit with Ms. Paulson[,]" (Opp'n at 5 (citing AR at 642, 664–65)). Plaintiff points out that:

> Before Dr. Greenhood's review, Defendant successfully obtained Mr. Roberts' medical records directly from the providers. Again, after Mr. Roberts appealed, Defendant successfully obtained Mr. Roberts' medical

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

records directly from the providers. Conspicuously missing: Defendant's attempt to obtain Mr. Roberts' medical records directly form [sic] the providers after Dr. Greenhood stated they were necessary for further adjudication of the claim.

(Reply at 6–7.) The pattern of Anthem's attempts to acquire information is inconsistent at best and opportunistic at worst. Nonetheless, the Court cannot find that Anthem committed a procedural error premised upon a failure to request materials during its initial review of Plaintiff's Claim because Defendant alerted Plaintiff of its need for such materials. And upon reviewing Plaintiff's appeal, Defendant did consider these updated medical reports. Plaintiff's disagreement with Defendant's conclusions on appeal based upon those reports goes to the merits of this dispute, but does not constitute ground for remand at this time.

### C. Grounds for Denial of Appeal

Plaintiff also contends that Anthem improperly presented a new ground for denial of Plaintiff's Claim for the first time on appeal. (Mot. at 19.) "When an administrator tacks on a new reason for denying benefits in a final decision, thereby precluding the plan participant from responding to that rationale for denial at the administrative level, the administrator violates ERISA's procedures." *Abatie*, 458 F.3d at 974; *see also Montour*, 588 F.3d at 636 ("[ERISA provisions] authorize, if not require, plan administrators working with an apparently deficient administrative record to inform claimants of the deficiency and to provide them with an opportunity to resolve the problem by furnishing the missing information[.]").

Plaintiff argues that Anthem, in denying his Claim, failed to raise the issue of lack of objective evidence or any need for neuropsychological testing. (Mot. at 19.) Then, on appeal, Anthem retained Dr. LeForce, who contradicted Dr. Greenhood's opinion and concluded that Plaintiff's submitted information did not support impairment as of July 14, 2015. (Mot. at 20.) Dr. LeForce cited a lack of neuropsychological testing or other evidence as a ground for the denial, but Plaintiff allegedly never had the opportunity to submit such testing or evidence. (Mot. at 20.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

Defendant responds that Plaintiff's "argument is completely disingenuous." (Opp'n at 11.) According to Defendant, Dr. Mitchell's review report "acknowledges that Plaintiff's neurological examinations have been normal and he agrees that there has been no neurocognitive testing of Plaintiff. Dr. Mitchell further states that he has made a formal referral on behalf of Plaintiff for such testing to be done." (Opp'n at 11.) Anthem further asserts that:

> Plaintiff's treating physician acknowledged that the lack of neurocognitive testing was a problem and therefore, ordered such testing. But neither Plaintiff nor his physician informed Anthem of such plans or provided the results of such testing (if any). And now, more than a year later, Plaintiff claims that he should have had the opportunity to undergo those very tests that were purportedly ordered in January 2016. Given these circumstances, Plaintiff cannot now complain that Anthem denied him the opportunity to address the lack of neurocognitive testing.

(Opp'n at 12.) In Reply, Plaintiff explains that "Dr. Mitchell did not 'acknowledge[] that the lack of neurocognitive testing was a problem.' He never stated as much and even Dr. LeForce's report does not suggest anything of the sort." (Reply at 8.) And according to Plaintiff, "[t]he lack of testing only became a 'problem' when Defendant predicated its decision to deny the claim on the lack of testing[,]" for the first time on appeal. (*Id.*)

In the Denial, Anthem did not mention the lack of objective testing or need for formal neurocognitive testing. (*See* AR at 605–08.) In contrast, Anthem's denial of the appeal indicates that "there were no findings on examination or imaging studies to support any restrictions or limitations" and that no "detailed neurocognitive testing" had been performed as a ground for denial of Plaintiff's appeal. (*See* AR at 685.) Defendant's argument that Plaintiff's treating physician acknowledged that no neurocognitive testing had been performed and thus, Plaintiff had the opportunity to undergo and submit those tests to Anthem is unpersuasive. Doctors may know countless tests, but choose not to perform them on a given patient for myriad reasons. The lack of particular test data only becomes relevant to the claim administration when the administrator concludes that those particular test results are necessary to a full evaluation of a claimant's benefits claim. *See Booton*, 110 F.3d at 1463 ("[I]f the plan administrators believe that more information is necessary to make a reasoned decision,

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
|---|---|---|---|
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

they must ask for it."). Defendant fails to show how it gave Plaintiff reasonable notice that the lack of neurocognitive testing, if uncured, could ultimately form the basis of Defendant's Denial of Plaintiff's Claim and appeal.

Because it appears from the Administrative Record that Plaintiff did not have a meaningful opportunity to offer neurocognitive testing results prior to Anthem's final denial of Plaintiff's appeal on that basis, the Court finds that Anthem committed a procedural error that weighs in favor of remand to the administrator. *See Abatie*, 458 F.3d at 974; *Montour*, 588 F.3d at 636. If the medical data necessary for Anthem to make an informed decision on Plaintiff's claim was lacking during the Claim administration, then those factual deficiencies in the underlying record may similarly impede this Court's evaluation of this ensuing civil dispute. Thus, the factual deficiencies surrounding Plaintiff's alleged disability, particularly the lack of neurocognitive test results, weigh in favor of remand to the Administrator for further development of factual, objective evidence regarding Plaintiff's medical condition.[4]

## V.     CONCLUSION

In light of the foregoing factual deficiencies in the Administrative Record, as well as the evidenced procedural irregularities in Anthem's evaluation of Plaintiff's Claim and appeal, the Court **STAYS** the Action and **REMANDS** this matter to the administrator. Anthem shall inform Plaintiff of the particular, additional neurocognitive testing/diagnostics it requires in order to make a full and fair determination as to whether Plaintiff is entitled to benefits under the Plan. Anthem shall then determine Plaintiff's eligibility for benefits based upon the evidence in the Administrative Record, as well as the additional neurocognitive test data.

---

[4] Plaintiff also argues that public policy supports his position that he should be given an opportunity to address Anthem's concerns of lacking objective evidence. Relying on *Bunger*, Plaintiff claims that the *de novo* standard of review should not permit an insurer to avoid ramifications for improper claim handling procedures. (Mot. at 23.) Plaintiff contends that Anthem took advantage of his cognitive limitations, accepted a "bare-bones appeal" and "then denied the claim for reasons previously unstated, giving [Plaintiff] no opportunity to respond." (Mot. at 24–25.) Defendant does not respond to Plaintiff's policy argument. (*See* Opp'n.) The Court need not reach these policy arguments in light of the abovementioned procedural defects and underdeveloped factual, medical data.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 16-00571-BRO (GJSx) | Date | June 7, 2017 |
| Title | RICHARD ROBERTS V. ANTHEM LIFE INSURANCE COMPANY | | |

IS HEREBY ORDERED that this action is removed from the Court's active caseload until further application by the parties or Order of this Court.

In order to permit the Court to monitor this action, the Court orders the parties to file periodic status reports.

The first such report is to be filed on August 5, 2017, unless the stay is lifted sooner. Successive reports shall be filed every 60 days thereafter. Each report must indicate on the face page the date on which the next report is due.

All pending calendar dates are vacated by the Court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |